## Basham's Adm'x v. Witt.

Feb. 24, 1942.

Stanley Powell for appellant.

Davis, Boehl, Viser & Marcus for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSION-ER—Affirming.

Appellee, Boyd Witt, is the owner of a garage furnishing wrecker service in Richmond, Kentucky. Shortly after midnight on the morning of June 18, 1939, his wrecker was engaged to pull a truck from a ditch about 6½ miles south of Richmond. The wrecker was in charge of appellee's employee, Charles McKnight, who was accompanied to the scene of the accident by Wade Christopher. Appellant's decedent, Thad Basham, reached the scene of the accident at about the time the wrecker arrived, and, it appears, assisted McKnight, Christopher, and others in pulling the truck out of the ditch. The rear of the truck was hooked to the rear of the wrecker; it was then pulled out of the ditch and parked on the east side of the highway facing south. There is a dispute in the evidence as to whether, after it was pulled onto the highway, a portion of the truck extended beyond the center of the paved portion of the road or whether all of it was standing on the east half of the road. The wrecker was unhooked and prepared to return to the garage when an automobile bearing an Ohio license, and being driven by H. Danzig, proceeding in a southerly direction, passed the wrecker and collided with the truck, causing it to move forward in such manner as to strike and fatally injure appellant's decedent, who was standing in its path.

Appellant filed suit against appellee alleging that her decedent's death was caused by the negligent manner in which appellee and his agent removed the truck

from the ditch and placed it on the highway. The verdict was in favor of the defendant from the judgment on which this appeal has been prosecuted.

The principal complaint is that the trial court erred in refusing to instruct the jury that it was the duty of the operator of the wrecker to place flares on the highway allegedly required by Section 2739g-69d, Carroll's Kentucky Statutes, 1939 Supplement. That section of the Statutes requires a person in control of a truck whose lighting equipment is disabled, during the period when lights must be displayed on a vehicle and when the truck cannot be immediately removed from the traveled portion of the highway outside of a business or residence district, to cause flares, lanterns, or other signals to be lighted and placed upon the highway, one at a distance of approximately 100 feet in advance of the truck, one at a distance of approximately 100 feet to the rear of the truck, and the third upon the roadway side of the vehicle, as a warning of impending danger to the drivers of other vehicles approaching the scene of the accident.

It is admitted by appellee that no flares or other road signals were placed on the highway by the driver of the wrecker, but it is contended that the evidence was not sufficient to require an instruction on this point, because it fails to show that the lighting equipment of the truck was disabled. Appellee claims that the evidence as to the disability of the lighting equipment was conflicting, thus raising an issue which should have been submitted to the jury. The right to the instruction depends, then, on whether there was any evidence of probative value from which a reasonable inference could be drawn that the lighting equipment was disabled. Testimony introduced by appellee shows the lights were in perfect condition and actually lighted at the time of the accident. On this issue appellant introduced only two witnesses, Wade Christopher and H. Danzig, the driver of the Ohio car. Christopher testified that he did not remember if the lights were turned on or not. Danzig gave the following answers to the following questions:

"Q. Did you see any light on the truck before you struck it? A. Well, I didn't see it; if there was any light on it I didn't see it, I don't think there was a light of any kind on it.

"Q. And what lights if any did you say you saw as you approached the place where you collided

with the truck? A. The only lights I seen was the headlights on this wrecker."

Certainly that evidence, and that is the only evidence pointed to in support of appellant's theory, was not such from which a reasonable inference could be drawn that the lighting system on the truck was disabled. It was sufficient evidence to submit to the jury, which was done in instruction No. 1, the issue as to whether the lights were turned on at the time of the accident. But the mere fact that the wrecked truck did not have its lights turned on is not sufficient evidence to support the contention that the lighting system was defective, especially in view of the positive testimony that the lighting system was in working condition and actually in use. Had the lighting system been disabled, such fact would not have been difficult to prove; the truck was locally owned and the mechanic who repaired it would have had knowledge of the condition of the lighting equipment and no doubt would have had a memorandum of it on his work card. The burden of discovering such fact and adducing proof thereof is on the person relying thereon. Since the statute does not impose the duty on one in control of a truck parked on the highway to place flares on the highway unless the lighting system of the truck is actually disabled, we are of the opinion that the court did not err in failing to impose such duty on the defendant. Nor do we think appellant's objection to the instruction on contributory negligence is sound. The instruction reads:

"Even though the jury may not find for the defendant under instructions 2 or 3, and even though they may believe from the evidence that the defendant's agent in charge, McKnight, was guilty of an act of contributory negligence, as mentioned in instruction 3 and that such negligence if any, contributed, in connection with the negligence of the driver of the Ohio car, in bringing about the collision, yet, if they further believe from the evidence that the plaintiff's deceased, Thad Basham, was at said time and place negligent himself and that his negligence so contributed to bring about the injuries complained of that otherwise he would not have been injured, the jury will find for the defendant."

Appellant does not complain that a contributory negligence instruction should not have been given, but objects to the instruction on the ground that since the instruc-

tion refers to the negligence of defendant's agent, McKnight, as only contributory in its nature, the instruction has the effect of minimizing the negligence, if any, on the part of defendant's agent. It is true that the instruction is not as expertly drafted as it might have been, but we believe it substantially submits the law on contributory negligence as applicable to the facts of the case, and, since in the absence of contributory negligence on the part of the plaintiff, defendant was liable, if guilty of negligence whether it was the sole or concurrent cause of the accident, the complaint concerning this instruction is without foundation. The second complaint concerning this instruction is that the last two lines unduly emphasize finding for the defendant. This complaint is without merit. It was an instruction under which, if the jury believed the plaintiff to be contributorily negligent, it was incumbent on them to find for the defendant and if the instruction had not told them so in express terms, it would have been erroneous.

Appellant next complains of instruction No. 3, which recites:

"even though the jury may not find for the defendant under instructions 1 or 2 above if they believe from the evidence that the collision resulted solely from the negligence of the driver of the Ohio car the jury will find for the defendant."

Complaint concerning this instruction is that the evidence was not sufficient for the jury to believe that the accident occurred as a sole result of the negligence of the Ohio car. But with this conclusion we cannot agree. The evidence for the defendant shows the driver of the Ohio car was under the influence of intoxicating liquor; both the wrecker and the wrecked truck were parked on the east side of the highway; the lights on both were burning; the Ohio car was proceeding in a southerly direction, crossed the center line of the road, and struck the truck. It is obvious that if the jury believed the evidence that the lights on the wrecked truck were turned on at the time of the accident, they could not in reason have escaped the conclusion that the accident was the result of the sole negligence of the driver of the Ohio car.

Finally, complaint is made that the court erred in excluding from the jury testimony directed to the point that appellee's agent, McKnight, made no objection to

the decedent assisting him in rescuing the wrecked truck. If such evidence could be considered competent in any case, it certainly was not competent under the facts of this case. The truck had been pulled from the ditch and parked on the highway ready to depart from the scene of the accident; the wrecker had been unhooked; at the time of the accident Basham was not assisting the wrecker, he was merely standing by; his previous conduct in respect to assisting McKnight had nothing to do with the accident unless while working with McKnight he failed to cause the lights of the wrecked truck to be turned on. Such duty on his part, if it was a duty, and which it is unnecessary for us to determine, was incorporated in the instruction on contributory negligence.

Perceiving no error prejudicial to the substantial rights of the appellant, the judgment is affirmed.

Whole Court sitting.