## Freeman et al. v. W. T. Sistrunk & Co. et al.

March 7, 1950.

William J. Baxter, Judge.

. Elwood Rosenbaum, Mooney & Clay and Robt. L. Bronaugh for appellant.

Stoll, Keenon & Park and Moynahan & Watts for appellee.

JUDGE KNIGHT—Affirming.

Appellant, Louise Freeman, brought a suit against appellees, W. T. Sistrunk & Co. and Morris King, for $5690 damages resulting from a collision between an automobile driven by said appellant and a truck owned by appellee Sistrunk and driven by appellee King. John D. Freeman, appellant, also instituted a suit against the same appellees for $1030 for damages to the automobile belonging to him, and for deprivation of its use. The cases were tried together and at the conclusion of appellants' testimony, the court on motion of appellees peremptorily instructed the jury to find for the appellees. Appellants appeal from the judgment based upon this verdict and the sole question involved on this appeal is whether or not the lower court was correct in this ruling.

The accident occurred on the Nicholasville-Lexington road about 4 miles north of Nicholasville at about six o'clock on the night of December 5, 1946. It was after dark and the road was dry. Mrs. Freeman was driving alone in the car which belonged to her husband, J. D. Freeman. At the time of the collision, according to her testimony, she was driving not in excess of 40 miles an hour and ran into the rear end of appellee's truck which at the time had stopped on the right hand side of the road in the same direction she was going. According to her testimony, as she approached the truck she thought it was moving and applied her brakes when she realized it was not moving, but she was too close to prevent the collision with the rear end of the truck. She

440

admitted that there were lights on the rear end of the truck and that the highway as she approached was dry; that there were no sharp curves, but there was a slight incline and the truck was near the top of the incline. She saw no flares on the highway at that point.

Tom Lowry who, so far as the record shows, was not an employee of appellee Sistrunk but was riding in the cab with the driver, King, was introduced by the appellant. He testified that the truck ran out of gasoline and the driver pulled over as far as he could toward the fence. He testified that he was at the back end flagging and saw appellant's car coming toward the truck at ''a pretty good speed,'' which he estimated at roughly 60 miles an hour. He heard the noise of the engine and said ''it sounded like an airplane coming.'' He testified that the weather was clear, the road dry, that the moon was full and shining brightly, and that the truck had four lights on the back, two at the top and two at the bottom. According to his testimony, the truck remained standing on the road about fifteen to twenty minutes after it ran out of gas while the gas tanks were being switched.

Morris King, appellee and driver of the truck, testified that the truck was in good condition, the brakes in order, lights burning, and instruments working. The tank became empty and he stopped to switch from the empty tank to another tank which he testified would take two or three minutes, and that he was stopped on the highway about four or five minutes. He testified that when the boy who was riding with him said, ''Here comes a car, we had better flag,'' he got a flashlight, which he says he obtained from some boys in a nearby field, and went to the rear of the truck and wig-wagged Mrs. Freeman's oncoming car which he saw 200 to 300 feet away. He estimated her speed at 45, 50 or 60 miles an hour.

This is the substance of the testimony introduced by the appellants insofar as it relates to the actual happening of the accident.

If there is any negligence shown on the part of the appellees, it consists only of stopping their truck for the purpose of switching tanks after it ran out of gas. Appellees take the position that the truck was stopped

for the purpose and at a place permitted by KRS 189.-450(4) (e). Construing this section in Turpin v. Scrivner, 297 Ky. 365, 178 S. W. 2d 971, 975, this court said: "Defendant stopped his truck at a point in the road not forbidden by any of the statutory provisions, since there was more than 150 feet of unobstructed road in his rear wherein there was no hindrance to the view of the driver of an approaching automobile traveling in the same direction." That is the same situation as it existed in the present case according to the evidence which showed that the accident occurred on a straight road though on a slight upgrade. The stoppage was necessary when the gas tank became empty and a switch had to be made to auxiliary tanks. Since the evidence shows that the statutory lights were burning on the truck, the driver was not required to put out flares for the short time required to switch tanks. KRS 189.070. Basham's Adm'x v. Witt, 289 Ky. 639, 159 S. W. 2d 990.

It seems clear to us that no actionable negligence on the part of the appellees was shown by the evidence in this case. On the contrary it seems clear that appellant, Louise Freeman, was guilty of contributory negligence as a matter of law. As she approached the truck, which she admitted she saw ahead, it was her duty to keep a lookout and have her car under control. Instead she assumed the truck was moving and continued at the same rate of speed she was traveling which, according to her own testimony, was as much as forty miles an hour, and slowed down too late to avoid the collision. She took no proper precaution to avoid hitting the truck which, whether moving or standing, was in her path. Under these circumstances we think Mrs. Freeman's own negligence was the proximate cause of her unfortunate accident. Lexington-Hazard Express Co. v. Umberger, 243 Ky. 419, 48 S. W. 2d 1066.

Since there was no showing of negligence on the part of appellees, there can be no recovery by appellant, J. D. Freeman, for damages to his automobile operated by his wife, as claimed by him.

Wherefore the judgment is affirmed.