**ADAMS CONSTRUCTION CORPORATION,**
**Appellant,**

v.

**Mitchell SHORT, Appellee.**

Court of Appeals of Kentucky.

May 8, 1959.

Baird & Hays, Pikeville, for appellant.

Paul E. Hayes, Bert T. Combs, Prestonsburg, for appellee.

STEWART, Judge.

This appeal by defendant, Adams Construction Corporation, is from a judgment awarding plaintiff, Mitchell Short, the sum of $10,000 against it for property loss and personal injuries growing out of an automobile accident. The sole ground urged for reversal is that the trial court erred in failing to direct a verdict in its favor, the contention being that plaintiff was guilty of contributory negligence as a matter of law. We shall hereinafter refer to the parties as they were designated in circuit court.

On October 25, 1956, the date of the accident, defendant, under contract with the Department of Highways, was patching the surface of State Highway No. 122 in Floyd County, near Hi Hat on Left Beaver Creek. This highway runs generally north and south, and on this occasion work was progressing in a northerly direction and traffic at the section being repaired was limited to one-way. Defendant had a roller and a

grader on this job and, in addition, several of its trucks were hauling patch-work material to the point of activity. There was a rather pronounced curve in the highway at this location. The pavement was the customary width of 18 feet and the day was clear and dry.

At the time of the accident, northbound traffic was being stopped to allow southbound traffic to go through on the easterly side of the highway. The first vehicle that had been stopped after it passed the curve was an Oldsmobile passenger car driven by W. M. Bowling; the next was a Chevrolet pick-up truck, with a "homemade" top on its body, owned and operated by Ermal Scutchfield. These two vehicles had been stopped for only a few minutes, a short distance apart, when plaintiff, Short, came around the curve from the south at considerable speed. In an effort to check the movement of his car, after seeing the situation ahead, he skidded his car 96 feet. However, he ran into the rear of the Scutchfield truck, demolishing its top and knocking it 47 feet forward into the back of the Bowling car. As a result of the accident, plaintiff received serious injuries and his car was almost a total loss.

There is a contrariety in the evidence concerning how much unobstructed view plaintiff had forward when he rounded the curve from the south. The proof introduced for defendant was that he had a clear range of vision at least 300 feet ahead. According to plaintiff's testimony, he was about 122 feet away from the two stopped vehicles when he was first able to see them. Scutchfield stated it was not possible to see the stopped Bowling car until he was a distance of 130 feet from it.

The evidence is also in dispute on the questions of whether a caution sign or a flagman, or both, was placed at the south end of the stretch of highway under repair to warn those traveling northwardly. Defendant's foreman, Ollie Montgomery, testified that a "Road Under Construction"

sign had been located on the Indian Creek Mountain, south of the place of the accident. However, this witness admitted on cross-examination that a motorist who started from Buckingham to proceed northwardly would follow a road that eventually connected with State Highway No. 122 and would not pass by that sign if he continued on toward where the highway was being repaired. It is uncontradicted that plaintiff on the date of the mishap came from Buckingham on a road that intersects State Highway No. 122, north of the site of the sign, and then traversed the latter highway until he was involved in the wreck.

Plaintiff testified he observed neither a warning sign nor a flagman at any time on the highway during his approach to the point where he collided with the truck. Two other witnesses said the flagman, who was supposed to flag down traffic coming from the south, did not make his appearance on the scene until after the accident, and then was seen coming from the road equipment beyond the wrecked cars down to the location where the accident occurred. Defendant's evidence placed the flagman on the westerly side of the highway, about midway between the Bowling car and the Scutchfield truck, where he was said to have made an effort to wave plaintiff to a stop as the latter approached. Plaintiff stated one reason why he skidded so far, namely, 96 feet, was that gravel particles were present on the stretch of the highway where he started braking his car. Plaintiff estimated the speed he was traveling on the occasion was between 45 and 50 miles per hour, and this statement stands uncontradicted in the evidence.

In the case at bar, defendant concedes negligence upon its part as regards the occurrence of the accident, but the position is taken that plaintiff was guilty of contributory negligence as a matter of law. In this connection it is claimed plaintiff failed to maintain a proper lookout,

and that, when approaching the curve, he did not keep his automobile under reasonable control as required by KRS 189.410.

■ In determining the question of the negligence of a person in failing to observe the presence of a standing or moving vehicle in time to stop or avoid it in safety, no hard and fast rule can be laid down, and the surrounding conditions and circumstances of the particular case must be considered. De Buyser v. Walden, Ky., 255 S.W.2d 616. Generally speaking, a car operator is chargeable with seeing what is ordinarily within the range of his vision and, where his view is obstructed by some unusual condition, he must exercise greater care than is customarily expected of him. A motorist, however, has the right to assume the highway upon which he is driving his vehicle is reasonably safe for ordinary travel and does not have to anticipate the presence of an extraordinary hazard such as plaintiff encountered in the case at bar. See Crawford Transport Co. v. Wireman, Ky., 280 S.W.2d 163.

Defendant argues that plaintiff should have brought his car to a stop within the length of 122 feet, at which distance he admitted he was from the truck when he first saw it. The implication here is that if plaintiff had been keeping a proper lookout he could have arrested the movement of his car short of its contact with the truck. Simple arithmetic will refute this contention. A car traveling at 60 miles per hour will cover 88 feet per second; at 30 miles per hour, 44 feet per second; and at 45 miles per hour, 66 feet per second. As has been pointed out, the greatest speed plaintiff's car was attaining was 45 to 50 miles per hour, which was shown by his own undisputed testimony. Assuming he was going 45 miles per hour, or 66 feet per second, plaintiff had less than two seconds to bring his car to a stop within the space of 122 feet.

Also it is contended the fact that his car skidded 96 feet, and knocked the truck forward 47 feet with enough force to dismantle its top, indicates plaintiff did not have his car under reasonable control. On the other hand, a jury could well believe that the length plaintiff's car skidded could mean he was alert because of the rapidity with which he applied his brakes upon seeing danger ahead. A state patrolman, called as a witness for plaintiff, testified that under ideal conditions a car traveling 40 miles per hour, after the application of its brakes, will skid 82 feet, but at a speed of 50 miles per hour it will skid 128 feet when its movement is arrested. If gravel is considered as being on the pavement at the time, which point was brought out by plaintiff's testimony, we have an additional factor that tends to explain the extent of skidding in this instance as not unusual.

■ We cannot say contributory negligence as a matter of law was shown upon the part of plaintiff under the facts presented. We conclude the jury could determine from the evidence, although certain portions of it are in conflict, that plaintiff acted as an ordinarily prudent man in the operation of his vehicle in the face of the extraordinary hazard with which he was confronted. Certainly we must hold it was not error to allow the jury to pass on the contributory negligence question.

Wherefore, for the reasons given the judgment is affirmed.