James T. MORRISON et al., Appellants,

v.

Floyd HIBBARD, Appellee.

Court of Appeals of Kentucky.

Feb. 14, 1964.

Charles G. Cole, Jr., Barbourville, John M. Lyttle, Manchester, for appellants.

Charles C. Smith, Neville Smith, Manchester, W. R. Fain, Jr., Clarksville, Tenn., for appellee.

HENRY MEIGS, II, Special Commissioner.

This is an appeal from a judgment for $6,000 obtained by appellee, Floyd Hibbard, for his personal injuries and property damage sustained when his car collided with the truck of William Hinkle and a truck owned by appellant Albert Kirts being operated by appellant James T. Morrison. A jury returned a verdict against Morrison and Kirts only, and they appeal.

At about 7:30 in the evening of November 20, 1959, appellant's tractor-trailer truck was proceeding west on Kentucky Highway 80 between Manchester and London. Along a straight, level, dry stretch of road near Pigeonroost, in Clay County, the driver, Morrison, noticed a two-ton Ford coal truck stopped across the left lane of the highway with its rear end projecting to some extent across the center line and into his right-hand lane. There being no lights showing on the coal truck, nor any flares set out in the road on either side of it, Morrison stopped his vehicle approximately 8–10 feet short of the Ford to determine what the situation presented. While calling to the driver of the other truck, Hinkle, Morrison observed the headlights of a car coming at a high rate of speed from the opposite direction in the lane obstructed by Hinkle's truck a distance of some 250 yards away. To warn the oncoming motorist, Hibbard, Morrison turned his headlights on and off several times, to which signal Hibbard responded by alternately lowering and raising his headlights by means of the dimmer switch. At this point, Morrison testified, Hinkle was trying to back his truck further across the road, so that at one point the bed of the Hinkle truck extended into Morrison's lane and then rolled back to position with the front wheels in a ditch just below the shoulder on the left side of the road.

Hinkle stated that his brakes had failed as he was attempting to turn his truck around in the road, thus causing the front end to go over the edge of the shoulder, that

he had been there only five minutes and just had time enough before the Hibbard car struck his truck to turn out the lights, remove the ignition key and get out of the cab. He testified that Morrison stopped his truck just over the center line, called to him an offer of assistance and that there was not room between the rear end of his truck and Morrison's truck to permit passage of a car.

Appellee, driving his 1958 Chevrolet toward Manchester, claiming to be blinded almost continuously by the lights of Morrison's truck, testified he was driving between 40 and 45 mph, dimmed his lights several times, took his foot off the accelerator, saw the Morrison truck was in the middle of the road, but planned to put his right wheels off the paving and go on through. When within 20–30 yards of the Hinkle truck Hibbard heard his wife exclaim and first saw a wheel looming in front of him. The impact moved the Hinkle truck some eight feet up the road toward Manchester and diverted the Hibbard car into the front left side of Morrison's truck. Appellee's car was extensively damaged, and he sustained injury to the sternum and brain concussion. Hinkle's truck was considerably damaged, Morrison's slightly. Found in the back seat of appellee's car was a beer case containing fourteen unopened bottles and nine empties, with one missing. He denied he had been drinking that day; he could account for only one bottle, the contents of which he said had been consumed by a hitchhiker. The odor of alcohol was present in the car, and an open, half-full can of beer rolled across the floor of the front seat when the door was opened.

Morrison and Kirts cross-claimed against Hinkle alleging sole negligence on his part and the joint negligence and contributory negligence of Hibbard. Hinkle's cross-claim against Morrison and Kirts was peremptorily dismissed at the conclusion of all the evidence. Appellant's motion for directed verdict as to appellee's complaint was overruled.

We do not consider the matter of whether the defendant Hinkle was negligent, as there is no appeal from the judgment as to him. The principal questions raised by this appeal are (1) whether the defendant Morrison was guilty of negligence in stopping on the highway, and (2) whether plaintiff, Hibbard, was solely or contributorily negligent as a matter of law.

■ The answer to the first question was for the jury, but the instruction under which it was submitted is objectionable because it required the jury to determine, in addition to whether it was reasonably necessary under the circumstance for Morrison to stop, whether the brightness and attitude of his headlights prevented appellee from seeing the coal truck, and whether this was the proximate cause of the accident. There was no evidence that appellant's lights were other than those required by law; and in the face of appellee's claim to have been blinded by them, precautionary duties with respect to lights devolved upon him. Otherwise, such an instruction amounts to a direction that Morrison was negligent as a matter of law. Had it been established without contradiction that appellant Morrison was stopped in the middle or on appellee's side of the road presenting the glare of his headlights to the oncoming Hibbard, a direction of negligence per se would have been proper. Wilson v. Dalton's Adm'r, 311 Ky. 285, 223 S.W.2d 978. Since there was a dispute as to whether a portion of appellant's truck extended over the center line of the road, and as to whether there was reasonable necessity for stopping his truck because of an obstruction to its progress, the questions of this negligence should be submitted to the jury, together with the question as to whether appellant's negligence was the proximate cause of the accident. Ashton v. Roop, Ky., 244 S.W.2d 727.

■ This brings us to a consideration of appellee's contributory negligence. The evidence clearly shows that appellant Morrison took such measures as were available

to give warning to appellee of a hazardous situation in the highway by turning his lights on and off four to six times. Hibbard's statement that he slackened speed but intended to put two wheels off the road and go on through is highly inconsistent with his assertion that he was continuously blinded by Morrison's headlights and the physical evidence that the coal truck was moved, sideways, eight feet along the paving by the impact. To us this suggests a failure of the lookout duty and ordinary prudence in the operation of his car under all the circumstances. The instruction given as to the duties of appellee is erroneous in that it did not require him to keep a lookout ahead. The evidence of appellee's blinded condition required the giving of an instruction on contributory negligence, and this was omitted. The instruction given and designated No. 4 required only that if the jury should believe Hibbard "was *not* guilty of contributory negligence," they should find for him. This did not properly present the issues to the jury.

In earlier cases an absolute duty was placed upon the driver of an approaching vehicle blinded by glare of headlights to avoid a collision regardless of the character of the act which placed a stationary vehicle on the road. Freeman v. W. T. Sistrunk Co., 312 Ky. 438, 227 S.W.2d 979; Lexington-Hazard Express Co. v. Umberger, 243 Ky. 419, 48 S.W.2d 1066.

It is now generally accepted that a motorist, when blinded or his vision of the highway is obstructed by the headlights of another vehicle, has a duty to take such protective measures for his own safety as an ordinarily prudent driver would take under the same or similar circumstances. Duncan v. Wiseman Baking Co., Ky., 357 S.W.2d 694.

Here, although there may have been a failure of statutory or common law duties on the part of both appellants and appellee, it cannot be said as a matter of law that such failure of either one, standing alone,

was the cause of the accident; and thus, under proper instructions, it was for the jury to say whether the collision was caused by the negligence of appellant or appellee, or whether it was caused by the concurring or contributing negligence of both.

We are of the opinion that the instructions given by the trial court did not properly submit the issues for determination by the jury, and, accordingly, the judgment should be reversed with directions to grant a new trial.

The opinion is approved by the court, and the judgment is reversed.

STEWART, J., dissenting.