Robert H. Measle, Fowler, Rouse, Measle & Bell, Lexington, George T. Ross, Richmond, for appellant.

John M. Lyttle, Manchester, Julius Rather, Lexington, for appellee.

**Richard John PENCE, Appellant,**

**v.**

**Albert SPRINKLES, Appellee.**

Court of Appeals of Kentucky.

Oct. 22, 1965.

STEWART, Judge.

This appeal is from a judgment of $40,000 rendered in favor of plaintiff-appellee, Albert Sprinkles, against defendant-appellant, Richard John Pence. The litigation leading up to the judgment grew out of the facts hereinafter stated.

The evidence in this case reveals that on September 1, 1962, about 6:15 in the afternoon, George Root, Jr., was driving his Chevrolet automobile southwardly on Kentucky Highway 11 toward Barbourville. After he rounded a curve he drew near the home of one H. C. Sprinkles, who lives on the west side of the highway and whose residence sits back about 200 feet from it.

According to the testimony of Root, he was traveling at approximately 55 miles per hour. Suddenly, he saw a man whom or four feet out on the blacktop, walking as he later learned was Dillard Trent, three if he intended to cross in front of him. He applied his brakes and cut his vehicle to his right in an effort to avoid striking the pedestrian; he then lost control of his car and, a short distance farther on, crashed into a Ford automobile facing him on his

side of the highway. This car, Root stated, was owned by appellant, Pence, and was parked in front of the Sprinkles home with about two or three feet of its front extending onto the blacktop. The Root car continued with unabated speed across the highway and went over an embankment on the east side.

The Pence Ford was knocked onto a Pontiac parked about four feet behind it and facing the same direction. Appellee, Albert Sprinkles, who was visiting his father, H. C. Sprinkles, was the owner of the Pontiac. He was sitting on the left side near the front of his car, working on the starter, when Root's Chevrolet struck the Ford, throwing it on top of appellee. The latter was severely injured, has been in and out of hospitals for almost a year, and is now unable to work.

Two other witnesses who testified in behalf of appellee were Shafter Sprinkles, his brother, and Ike Smith, a neighbor. Shafter Sprinkles did not see the Root car run into the Pence car. He did, however, state that he knew the position of the Pence car prior to the accident, and that the "front part of it" extended out on the highway.

Ike Smith testified he was an eyewitness to the mishap. He lives "just across the river" from the Sprinkles home. His evidence does not tell us how far away he was from the scene of the collision. He stated he saw Dillard Trent "angle across the road" until he got to the center and Trent then "made a jump like he was going to run." Root pulled over to "dodge him" and "hit the gravel about even with him." Although his car, according to Root's testimony, was traveling 55 miles per hour and was at that time, Smith estimated, "about sixty feet" from the Pence Ford, with which it collided an instant later, Smith said Root was able to get his car back into his traffic lane before it struck the Pence car. Smith stated that the Pence Ford, before the two vehicles made contact, "looked" to him to be parked halfway on the blacktop.

There was no traffic coming toward Root. Bertha Sprinkles, the wife of appellee and a witness in his behalf, saw the accident. She was unable to say where the Pence Ford had been parked with reference to the blacktop. She stated that when she first observed Root's automobile "it was sliding on the dirt." This was "just before it hit the other car." She testified that Root had the whole road in which "to straighten up," and she "kept watching this car and hoping he would get it straightened up." When she last saw Root he was still unable to control his car.

Appellant, when testifying, was positive his car was parked from three to four feet off the highway right of way. Dillard Trent, who was introduced as a witness for appellant, testified that on the occasion of the accident he was walking with his wife southwardly on Kentucky Highway 11. He stated when Root's car passed that he, his wife and "a little girl that lives close to us" were proceeding "at the edge of the blacktop." He first noticed Root's automobile coming around a curve toward him "as fast as I ever seen a car go." He said this car left the road on its right side, ran off the highway and then struck the Pence Ford. Both Trent and his wife, who gave a deposition that was read in this case, testified that Pence's car was well off the blacktop when it was hit.

Two state troopers who investigated the accident, soon after its occurrence, testified that Root admitted he had been drinking intoxicating beverages on that occasion. They stated that Root told them he had drunk three or four beers before he started on this particular trip. Another state trooper testified that Root's car made skid marks 37 feet four inches long and that these skid marks ran off the highway.

It is appellee's position that the manner in which the Pence Ford was parked created a traffic hazard which was the proximate cause of the accident. It is appellant's contention that his automobile played no foreseeable part in the collision between it

and the Root car except that, because of mere chance, it happened to be where it was when Root ran into it. Appellant argues that, even if his automobile had not been located where it was at the time, the Root car would nevertheless have hit appellee and his car.

■ We are of the opinion that under the evidence presented, assuming the Pence Ford was partially on the highway when Root's car ran into it, such a fact was not the proximate or a contributing cause of the collision. We are convinced the accident resulted from an intervening or superseding cause, namely, Root's loss of control of his Chevrolet automobile at the time and place. Stated somewhat differently, there would have been no accident but for Root's inability to direct the course of his automobile.

A case that we believe governs the disposition of the one under consideration is Hines v. Westerfield, Ky., 254 S.W.2d 728. There, because of snow and ice on the street, a woman, one Mrs. Hines, parked her car so that it extended onto the traveled portion of the street for a distance variously estimated from eighteen inches to three feet. Her car was left in this position three days and, at the end of that time, an additional eighteen-inch obstruction of snow was banked against the car's side by a snowplow. Westerfield, just before the accident, was driving a truck in his traffic lane. When about one hundred feet from the car of Mrs. Hines, which was parked on his left, Westerfield observed an oncoming car whose driver was never identified. As the meeting vehicles reached a point approximately opposite the parked car, the car with the unidentified driver pulled to the left directly in front of Westerfield's truck. Westerfield, in an effort to avoid impact with it, drove into a ditch on his right side and wrecked his truck.

Westerfield sued Mrs. Hines and her husband for his damages. Under the foregoing facts the trial court submitted the case to a jury which awarded damages of $950 for Westerfield against them. On an appeal to this Court, the judgment was reversed, with the result that the Hineses were relieved of liability.

This Court decided that the parked car was not the proximate cause of the accident, because its location on the street furnished only an occasion, a remote cause, for the accident that resulted to Westerfield. It was, the Court held, the intervening and unforeseeable act of the unidentified driver of the oncoming vehicle in turning his automobile onto Westerfield's side of the street that forced the latter to leave the street to avoid a collision.

Other cases holding there was no liability as a matter of law under a somewhat analogous factual situation, involving a vehicle which was stopped or parked upon the main-traveled portion of a highway, are: Freeman v. W. T. Sistrunk, et al., 312 Ky. 438, 227 S.W.2d 979; Greenwell's Administrator v. Burba, 298 Ky. 255, 182 S.W.2d 436; Turpin v. Scrivner, 297 Ky. 365, 178 S.W.2d 971.

■ Proximate cause becomes a question of law when, as in the case at bar, there is no dispute about the essential facts of causation, and but one conclusion may be reasonably drawn from the evidence. See Clardy v. Robinson, Ky., 284 S.W.2d 651.

Conceding the front of appellant's Ford extended out on the blacktop, the fact that it was parked in front of the Sprinkles home and near the Pontiac where appellee was sitting was merely a remote event, because Root's loss of control of his car was the intervening and unforeseeable act that directly caused the accident; this was the immediate event that actively produced the injury to appellee and his car. Furthermore, we believe Root's automobile would have collided with appellee and his vehicle, even if the Pence Ford had been absent from where it was located at the time and place of the accident.

It is our opinion appellant's motion for a peremptory should have been sustained and, upon a return of this case, the trial

court is directed to grant the motion for a judgment n.o.v. in behalf of appellant.

Wherefore, the judgment is reversed for consistent proceedings.

PALMORE and WILLIAMS, JJ., concur in the result, but on the ground that, if it be conceded appellant Pence was negligent in parking his automobile partially on the highway, appellee Sprinkles either assumed the risk or was contributorily negligent.