Paul DANIEL, Appellant,

v.

Vernon KERBY, b/n/f Ethel Kerby et al.,
Appellees.

Paul DANIEL, Appellant,

v.

Tip DAVENPORT et al., Appellees.

Paul DANIEL, Appellant,

v.

Boston SANDLIN et al.,
Appellees.

Court of Appeals of Kentucky.

Nov. 3, 1967.

Charles R. Coy, Chenault, Coy & Sword, Richmond, for appellant.

Steve Robbins, Richmond, Alex R. Ernberg, Berea, Thomas D. Shumate, Shumate, Shumate & Flaherty, George T. Ross, Richmond, for appellees.

EDWARD P. HILL, Judge.

On December 20, 1962, near twilight on a rainy evening, Boston Sandlin left his disabled Ford truck standing in the southbound lane of U. S. 421 a few miles south of Richmond, Kentucky, without lights or flares or anyone to flag traffic. A few minutes later and after full darkness had fallen, William Floyd Kerby was driving a Ford touring car southwardly with Tip Davenport and Vernon Kerby as his passengers or guests. Paul Daniel was driving south in his Chevrolet just following the Kerby Ford car.

As Kerby came upon the dark and disabled truck belonging to Sandlin, he slowed down or stopped his car (there is some controversy as to whether he came to a complete stop or slowed down) with his wheels cut to his left preparatory to cutting around the disabled Ford truck. In the meantime, James T. Dickerson came along driving his two-ton GMC truck north carrying a heavy load of coal.

The Kerby Ford either cut over into the northbound lane of traffic in front of the Dickerson truck, or it was struck and shunted into the path of the Dickerson truck.

Considerable damage was done to both vehicles and some personal injuries were sustained by the two passengers in the Kerby Ford car. Ironically, the dark and disabled truck escaped without a scratch.

Without detailing the suits, counterclaims, and third-party complaints, it may be said everybody sued everybody. At the conclusion of a trial without a jury, the distinguished circuit judge, sitting as special judge, found that the negligence of appellant Paul Daniel was the proximate cause of the three-way wreck and awarded damages to Dickerson and his insurance carrier for $3816, to William T. Kerby $808.20 for property damages, to Tip Davenport $621.65 for medical expense and pain, and to Vernon Kerby $3215 for medical bills and pain, all against Paul Daniel. Daniel appeals.

Appellant presents these arguments: (1) He contends the negligence of Sandlin leaving the disabled truck on the highway was the proximate cause of the accident; (2) that William Floyd Kerby was negligent in driving into the northbound lane, which constituted "a proximate cause" of the wreck; (3) that the evidence was insufficient to support the award of damages to Dickerson; and (4) that Dickerson was guilty of contributory negligence.

Taking first the argument that Sandlin's leaving his disabled truck standing on the highway was the proximate cause of the accident, we quote from the opinion of the trial judge performing the function of a jury:

"The court is of the opinion that Boston Sandlin in leaving his truck parked on the highway was not proper conduct in view of the fact he left no warning signals of its presence there on a rainy, dark night. Yet, this action was not the proximate cause of the accident nor did this factor contribute to the causation in any degree of liability. All parties saw this truck in time to avoid striking it; it did not suddenly appear

into the line of sight of any of the other parties concerned and apparently warning signals, had they been given, would not have been a safety factor under these circumstances."

■ The finding that "all parties saw this truck in time to avoid striking it," removed Sandlin's illegal stopping of his truck in the highway as the proximate cause. Cf. Pence v. Sprinkles, Ky., 394 S.W.2d 945 (1965). This is sufficient answer to appellant's first contention. The findings of fact by the trial judge rank in equal dignity with the verdict of a properly instructed jury and will not be disturbed unless clearly erroneous. CR 52.01.

■ Appellant's second argument to the effect that Kerby was negligent in driving into the opposite lane in front of the Dickerson car, assumes that Kerby did so. The trouble with this argument is that the trial court found that Daniel knocked the Kerby car into the path of the Dickerson truck. The trial judge found "that the preponderance of the evidence establishes that Daniel was negligent in the operation of his automobile in that he drove his automobile into the rear end of the automobile being driven by Kerby; that his negligence was the proximate cause of this accident resulting in the injuries and damages to the truck of Dickerson, the automobile of Kerby and the personal injuries of William Kerby, Vernon Kerby and Tip Davenport."

The court further found in this same vein that:

"The court has considered the testimony of each witness and finds that every witness involved in the accident except Sandlin and Daniel, testified that Kerby stopped his automobile behind the truck of Sandlin; the three occupants of the Kerby automobile testified that the Kerby automobile was knocked into the path of the oncoming Dickerson truck, and the court was particularly impressed by the testimony of Tip Monroe Davenport."

■ The testimony being in sharp conflict presented a question for the trial court to resolve. He resolved it in favor of appellees. We may not disturb it. CR 52.01.

■ Next appellant takes the position the proof was not sufficient to justify the judgment on damages to the Dickerson truck. Appellant also says Dickerson may not recover for loss of use of his truck since it was totally destroyed.

The answer to this position is that there was evidence of the before and after value of Dickerson's truck, and it was not totally destroyed. Appellant's brief indicates the trial court fixed the salvage value of the truck at $400. Whether it was a total wreck or not becomes unimportant in the face of the evidence that the use of the truck was worth $40 per day and that it would require 60 days to replace the truck with a coal hauling bed thereon. The trial court allowed only one-third of loss of use estimated by Dickerson. We do not believe the judgment was erroneous in this respect.

■ This leaves appellant's last contention that Dickerson was "guilty of contributory negligence which will bar his recovery." The trial court found no evidence of negligence on the part of Dickerson, and we find none. Dickerson was too close upon the Kerby car when it crossed into his lane of traffic to avoid the accident.

The judgment in its entirety is affirmed.

WILLIAMS, C. J., and MONTGOMERY, MILLIKEN and STEINFELD, JJ., concur.

OSBORNE and PALMORE, JJ., not sitting.