Everett "Red" STUNSON, Appellant,

v.

Johnson EASLEY and Lucille Easley, Appellees.

Court of Appeals of Kentucky.

June 25, 1971.

George R. Effinger, Boehl, Stopher, Graves & Deindoerfer, Paducah, for appellant.

Robert O. Miller, Murray, L. M. Tipton Reed, Mayfield, Hughes & Gregory, Murray, for appellees.

CULLEN, Commissioner.

Johnson Easley recovered judgment for $10,116.68 and his wife Lucille recovered judgment for $15,000, against Everett "Red" Stunson, as damages for personal injuries sustained in an automobile collision. Stunson appeals, maintaining that he was entitled to a directed verdict or at the least to a new trial.

Stunson, headed south on State Highway No. 121, made a left turn into an intersecting road. A car being driven by Clayton Adams was at the time approaching the intersection from the south and Stunson's turning movements caused Adams to brake his car abruptly to avoid a collision. Stunson cleared the intersection about one car length in front of the Adams car which had slowed to a speed estimated by Adams as being 20 or 25 miles per hour. In the meantime the Easley car (driven by Johnson Easley with his wife as a passenger), approaching from the south behind the Adams car, was unable to stop though fully braked, and it slid into the back of the Adams car, causing the injuries to the Easleys for which they obtained recovery against Stunson in the instant action. All witnesses agreed that State Highway No. 121 has a crest a short distance south of the intersection in question, of such a nature that drivers of automobiles headed north cannot see the intersection until they near the top of the crest. The evidence is completely unsatisfactory as to the distance between the crest and the intersection. Adams testified that it was only 30 or 35 feet, but it could not possibly be that short a distance, because Adams, coming over the crest at a speed estimated by him at between 50 and 60 miles per hour, was able to reduce his speed to an estimated 20 or 25 miles per hour before reaching the intersection, which would be impossible to do if the distance were only 30 or 35 feet, even giving some allowance for the probability that Adams could *see* the intersection some short distance before his car crested the hill. Adams would have traveled more than 30 or 35 feet during his reaction period alone. Even had his speed been only 30 miles per hour when he came over the crest he would have used up a substantial distance in reaction time. Easley said that the distance from the crest to the intersection was 87 feet, basing this estimate on the fact that his car had left 87 feet of skid marks. This assumes that the skid marks started at the crest, which obviously could not be true, again considering the

factor of reaction time. And Adams said that the skid marks started *at the intersection* and extended 87 feet to the *north*. The jury reasonably could have concluded, from the circumstances of the accident, that the distance from the crest to the intersection was at least 100 feet.

Stunson's first contention on appeal is that Johnson Easley was contributorily negligent as a matter of law. (We note that this contention, if upheld, would not bar *Mrs.* Easley's recovery.) Stunson's argument is that a crest in the road, or a "blind hill," is an "obstruction" within the meaning of KRS 189.410, and therefore Easley had the statutory duty to keep his car under such control, when approaching the crest, that he could avoid a collision should he be confronted with an emergency situation upon coming over the crest. A similar argument was rejected by this court in Mitchell v. Doolittle, Ky., 429 S. W.2d 862, and that decision is controlling here. Further, the holding in Lucas v. Davis, Ky., 409 S.W.2d 297, supports the conclusion that Easley was not contributorily negligent as a matter of law in the circumstances of this case.

Stunson next maintains that his negligent acts (which consisted of driving in the left lane as he approached the intersection, in violation of KRS 189.300, and of turning across the path of oncoming traffic when the turn could not be made with reasonable safety, in violation of KRS 189.380) were not a proximate cause of the collision because his negligent acts merely caused Adams to slow down and did not create any hazard to Easley beyond the normal hazards of traffic conditions; that since Adams had no problem in avoiding a collision with Stunson there was no causal basis in Stunson's acts for Easley's collision with Adams; further, that Stunson's negligent acts merely created a *condition* with respect to the movements of the Adams car which could have existed without negligence on anyone's part had Stunson's car not been there and had Adams simply slowed his vehicle to make a right turn.

The question is whether the collision was a natural and probable result of Stunson's negligence. See Donegan v. Denney, Ky., 457 S.W.2d 953. It seems plain that if a motorist makes a left turn in the face of a line of oncoming trafifc when the leading car in the line is so close that its driver must take radical action to avoid colliding with the turning car, it is natural and probable that one or more tail-end collisions will result. Stunson's argument really seems to be that his turning did not require Adams to take any radical action; that Adams merely slowed his car in a normal or routine manner; wherefore there was no reason for Easley to have any problem. The argument rests on the proposition that Adams' estimates of speeds and distances must be taken as absolutes. We think, however, that the circumstances of the accident place great doubt on the accurancy of those estimates. First, it seems probable that Adams was traveling at a speed considerably less than he estimated, when he came over the crest south of the intersection, because he had been traveling north on Highway No. 121 for a number of miles, ahead of the Easley car, and a Wallace car behind Easley, and neither Easley nor Wallace had observed the Adams car ahead of them, which indicates that he had been traveling much more slowly than they, and they at higher speed finally were catching up with him. This would be a reason why Adams was able to avoid striking the Stunson vehicle but Easley was unable to stop in time to avoid hitting Adams. Second, it could be believed that Adams had slowed his car to *less* than 20 or 25 miles per hour when he reached the intersection, because Easley testified that the brake lights were lighted on the Adams car when Easley first saw it at the intersection and applied his brakes, and because Easley testified that the Adams car was "almost stopped or moving slightly." Third, there is evidence to contradict Adams' estimate that the collision occurred

87 feet *north* of the intersection; in fact, one witness placed the point of collision as in or very near the intersection.

The fact that Adams did not collide with Stunson does not establish that Easley had no reason to collide with Adams, because it must be remembered that Stunson *cleared the intersection* before Adams reached it. The evidence does not require the conclusion that had Stunson remained in Adams' path (as Adams did in Easley's) Adams could have stopped in time to avoid colliding with Stunson.

■ Thus we concude that the jury was entitled to believe that Easley's colliding with Adams was a natural and probable result of Adams' being compelled by the turning movements of Stunson to bring his car almost to a stop on the highway.

■ The possibility that Adams might have brought his car almost to a stop in the highway for a legitimate reason, even had Stunson not been there, does not relieve Stunson's negligence of its causative character. The fact that hazardous conditions in traffic can be created without negligence does not mean that when such a condition *is* created by negligence the offender incurs no liability.

Stunson's final contention, which is that there was error in the instructions entitling him to a new trial, is in substance that the issue of causation should not have been submitted to the jury because as a matter of law Stunson's negligence was not a cause of the accident. That is the same argument that we hereinbefore have answered.

The judgment is affirmed.

MILLIKEN, C. J., and HILL, OSBORNE, PALMORE, REED and STEINFELD, JJ., concur.